IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00235-BNB

ANTHONY W. LOBATO,

      Applicant,

v.

STEVE HARTLY, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Anthony W. Lobato, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Lobato has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction and sentence imposed in El Paso County District Court Case No. 01CR2931.  Mr. Lobato has paid the $5.00 filing fee.

    In a February 13, 2012 Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 5, 2012, Respondents submitted a pre-answer response.  Mr. Lobato did not file a Reply.

    The Court must construe liberally the Application filed by Mr. Lobato because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application as time-barred.

## I. Background and State Court Proceedings

Mr. Lobato was convicted of second degree murder pursuant to his guilty plea in El Paso County District Court Case No. 01CR2931.  (Application, at 2).  Prior to sentencing, Applicant moved to withdraw his plea under Colo. Crim. P. Rule 32(d).  (Doc. No. 11-5, at 1).  He alleged that his guilty plea was coerced; that he received an inadequate penalty advisement; and, that his plea was the product of ineffective assistance of counsel.  (*Id.*).  The trial court denied the motion and imposed a prison sentence of forty-eight years in the DOC.  (*Id.*; Doc. No. 11-1, at 4).

The Colorado Court of Appeals affirmed Applicant's sentence and conviction on direct appeal in *People v. Lobato*, No. 02CA1196 (Colo. App. Oct. 9, 2003) (unpublished opinion).  (Doc. No. 11-8).  The Colorado Supreme Court denied Applicant's petition for certiorari review on March 22, 2004.  (Doc. No. 11-11).

On April 6, 2004, Mr. Lobato filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c).  (Doc. No. 11-2, at 5 of 6).  On December 19, 2005, Applicant filed a motion for sentence reconsideration, pursuant to Colo. Crim. P. Rule 35(b).  (*Id.* at 2 of 6).  Applicant withdrew his Rule 35(c) motion at a December 20, 2005 post-conviction hearing.  (*Id.*; Doc. No. 11-18, at 5).  Following the hearing, the state district court denied Applicant's Rule 35(b) motion.  (Doc. No. 11-2, at 2 of 6; Doc. No. 11-18, at 5-6).  Mr. Lobato did not appeal the denial of his Crim. P. Rule 35(b) motion.

On August 14, 2006, Mr. Lobato filed a second Crim. P. Rule 35(c) motion.  (Doc.

2

No. 11-2, at 2 of 6).  The state district court denied the motion on August 25, 2006.

(*Id.*).  Applicant did not appeal the denial of his second Rule 35(c) motion.

On October 28, 2008, Mr. Lobato filed a third Crim. P. Rule 35(c) motion, which

was denied by the state district court on November 10, 2008.  (Doc. Nos. 11-2, at 2 of

6).  Applicant filed an appeal with the Colorado Court of Appeals.  (Doc. No. 11-13, 11-

14, 11-15 and 11-16).  The Colorado Court of Appeals affirmed the decision of the trial

court in *People v. Lobato*, 08CA1647 (Colo. App. July 29, 2010) (unpublished) (Doc.

No. 11-24).  The Colorado Supreme Court denied Applicant's petition for certiorari

review on November 15, 2010.  (Doc. No. 11-26).

Mr. Lobato initiated this action on January 27, 2012.  He asserts three claims for

relief in the Application.  Respondents argue that the Application is barred by the one-

year limitation period in 28 U.S.C. § 2244(d).  Respondents further contend that Mr.

Lobato's claims were not exhausted properly in the state courts and are now

procedurally barred from federal habeas review.

## I!.  AEDPA Time Bar

Respondents argue that the Application is action is untimely under the one-year

limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as

follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for
> > seeking such review;
> >
> > (B)  the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Lobato's conviction was final on June 20, 2004, ninety days after the Colorado Supreme Court denied his petition for certiorari review on direct appeal, when the time for seeking review in the United States Supreme Court expired. *See* Sup.Ct. R. 13(1); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, the one-year limitation period began to run on June 21, 2004, unless Applicant filed a state post-conviction motion that tolled the statute. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing

4

filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Lobato filed his first Crim. P. Rule 35(c) motion in April 2004, before his state conviction was final.  The motion was pending, and the one-year limitation period was tolled, until December 20, 2005, when Applicant withdrew the motion.

While Mr. Lobato's first Crim. P. Rule 35(c) motion was pending, he also filed a motion for sentence reconsideration pursuant to Crim. P. Rule 35(b), on December 19, 2005.  A timely filed motion for sentence reconsideration pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitation period.  *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006).  Under Colo. Crim. P. Rule 35(b), a motion for reduction of sentence must be filed "within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." Colo. R. Crim. P. 35(b)(3); *see also People v. Fuqua,* 764 P.2d 56, 59 (Colo.1988) (holding that Colo. Crim. P. Rule 35(b)'s filing requirements are

jurisdictional).  The Colorado Court of Appeals affirmed Mr. Lobato's sentence on

October 9, 2003, and the Colorado Supreme Court denied his petition for certiorari

review on March 22, 2004.  Mr. Lobato filed his motion for sentence reconsideration on

December 20, 2005, 273 days after the Colorado Supreme Court denied his petition for

certiorari review.  The motion, therefore, was not timely under state procedural rules.

*See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that an untimely post-

conviction motion under state law does not toll the one-year limitation period under 28

U.S.C. § 2244(d)(2)).  Accordingly, the motion to reconsider did not toll the statute of

limitations and the AEDPA time clock began to run on December 21, 2005, the day after

Mr. Lobato withdrew his Crim. P. 35(c) motion.

The statute ran for **236 days** until Mr. Lobato filed his second Crim. P. Rule 35(c)

motion on August 14, 2006.  That motion was pending until October 9, 2006, forty-five

days after Applicant could have appealed the district court's denial of the motion on

August 24, 2005. *See* Colo. App. R. 4(b) (notice of appeal in a criminal case must be

filed within forty-five days after the entry of judgment).

The AEDPA time clock ran again from October 10, 2006, **until it expired 129**

**days later**, on February 16, 2007.   Although Mr. Lobato filed his third Crim. P. Rule

35(c) motion on October 29, 2008, the one-year limitation period had already elapsed.[1]

Post-conviction motions filed after passage of the limitations period are not relevant to

the timeliness of a petitioner's federal application.  *See Clark v. Oklahoma*, 468 F.3d

---

[1]The Court notes that even if Applicant's Crim. P. Rule 35(b) motion tolled the limitations period, his Application is still time-barred.  The Rule 35(b) motion tolled the limitations period for a total of 47 days, from December 19, 2005, when the motion was filed, until February 3, 2006, forty-five days after the trial court denied the motion on December 20, 2005, when the time for filing an appeal expired.

711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).   Accordingly, Mr. Lobato's Application is time-barred unless equitable tolling applies.

## III.  Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).   Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period.   *See Holland v. Florida*, ___ U.S. ___, 130 S.C. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808.   Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently.   *Miller*, 141 F.3d at 978.   The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008) (quoting *Miller*, 141 F.3d at 978)).   Mr. Lobato bears the burden of demonstrating that equitable tolling is appropriate in this action.   *See id.*

Mr. Lobato alleges in his Application that he has been "unable to articulate the filing of [his § 2254 Application] because of a "head trauma one month prior to the accusation of the offense."   Application, at 7.   He further asserts that the DOC has

transferred him "various times throughout the year denying [him] a foundation to proceed with the legal process." *Id.* Mr. Lobato alleges in a separate filing that during the twelve months preceding the initiation of this action, he "has been incarcerated within a facility that prohibited his ability to access legal assistance to file said petition." (Doc. No. 3, at 1)

Conclusory assertions of mental incapacity are insufficient to support equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Furthermore, the Court of Appeals for the Tenth Circuit has recognized in several unpublished cases that a claimed mental disability will not support equitable tolling where the petitioner fails to demonstrate that he has been adjudicated incompetent or institutionalized, and has otherwise been able to pursue his legal rights. *See Rawlins v. Newton-Embry*, No. 09-6162, 352 F. App'x. 273, 275-76 (10th Cir. 2009) (unpublished) (equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an "adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity") (quoting *Reupert v. Workman*, No. 01-6440, 45 F. App'x. 852, 854 (10th Cir. Sept. 3, 2002) (unpublished); *see also  Hendricks v. Howard,* No. 07-6274, 284 F. App'x. 590, 591 (10th Cir. July 17, 2008) (unpublished) (although applicant detailed illnesses and disabilities, he failed to explain how they prevented timely filing); *accord Biester v. Midwest Health Services*, 77 F.3d 1264, 1268 (10th Cir. 1996) (declining to apply equitably tolling where plaintiff was pursuing an employment suit during the alleged disability)).

Here, Applicant's assertion that he suffered a head trauma before he was

charged in the state district court with various criminal offenses in 2001 is conclusory. Moreover, any claim that the injury affected his ability to pursue his legal rights is belied by the numerous post-conviction motions he filed in the state district court.  In addition, Applicant did not assert mental impairment as a basis for the withdrawal of his guilty plea in the state courts.  (*See* Doc. No. 11-5; 11-6, at 5-10 of 17).   There is nothing in the contents of Mr. Lobato's federal Application to indicate that he is suffering from a mental impairment.  Accordingly, the Court finds that Applicant has failed to allege specific facts to show that a mental impairment or disability prevented him from timely filing his § 2254 Application.

Applicant's assertion that the DOC transferred him to different facilities during the twelve months preceding his federal filing and housed him "within a facility that prohibited his ability access legal assistance" are also insufficient to support equitable tolling.  It is a routine practice to transfer an inmate from one prison to another. *Clemons v. Kansas*, No. 10-3005, 384 F. App'x 734, 737 (10th Cir. June 25, 2010) (unpublished) (citing *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)).  Mr. Lobato fails to provide specific allegations about how the facility transfers or lack of access to legal assistance impeded his ability to file a timely federal application.  As such, he cannot show any "extraordinary" or "uncontrollable" circumstances that warrant equitable tolling.  *See Clemons*, 384 F. App'x at 737 (holding that petitioner's transfer from one facility to another did not justify equitable tolling of one-year limitation period where petitioner was "unspecific about either the lack of access [to relevant statutes and case law] or how it affected his ability to file a timely petition") (quoting *Lucero v. Suthers*, No. 00-1492, 16 F. App'x 964, 965 (10th Cir. Aug. 14, 2001)); *see also Miller,*

141 at 978 (dismissing petitioner's equitable-tolling claim because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); *Yang*, 525 F.3d at 930.   Further, the alleged interference with Mr. Lobato's access to legal assistance occurred in the year 2011, well after the one-year limitation period expired for filing his federal Application.

And, finally, Applicant's *pro se* status and ignorance of his legal obligation to file a timely § 2254 Application do not justify equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

## IV.  Conclusion

Having reviewed Mr. Lobato's allegations, the Court finds that he has failed to assert any basis for equitable tolling.  Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.  Because the Application is clearly untimely, the Court need not reach Respondents' argument that Mr. Lobato's claims were not exhausted properly in the state courts and are thus procedurally barred from federal habeas review.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

10

dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr.

Lobato has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __5th__ day of ___April_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court